ALEXANDER B. TRUEBLOOD (WA Bar No. 50612)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
Email: alec@hush.com

Attorneys for Plaintiff
GINO KRONFLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO KRONFLE,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC, DEL MAR RECOVERY SOLUTIONS, GP, DMRS GP SUB, LLC, DMRS GP SUB II, LLC, and ALL VALLEY DEALER AUTO AUCTION, INC.,<br><br>Defendants. | Case No: 2:20-CV-10253<br><br>**COMPLAINT FOR DAMAGES AND PUBLIC INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **The Fair Debt Collection Practices Act**<br>2. **The Rosenthal Fair Debt Collection Practices Act**<br>3. **The Consumer Credit Reporting Agencies Act**<br>4. **The Unfair Competition Law** |

COMPLAINT

Plaintiff Gino Kronfle hereby complains against defendants American Credit Acceptance, LLC ("ACA"), Del Mar Recovery Solutions, GP, DMRS GP Sub, LLC, DMRS GP Sub II, LLC, and All Valley Dealer Auto Auction, Inc. ("AVDAA"), and alleges on information and belief as follows:

## OPERATIVE FACTS

1. On or about January 15, 2018, plaintiff purchased a vehicle from CarMax Auto Superstores California, LLC in Los Angeles, California, primarily for personal, family or household use, and signed a retail installment sales contract which gave the dealership a security interest in the vehicle, and which charged plaintiff a 26.5% interest rate. The dealership assigned the retail installment sale contract and security interest to defendant ACA. Plaintiff subsequently fell behind on his contractual payments.

2. ACA hired defendant Del Mar Recovery Solutions, GP ("Del Mar"), a national repossession agency, as an independent contractor, to repossess plaintiff's vehicle.  Defendant Del Mar in turn hired defendant AVDAA, to accomplish the repossession.

3. On or about November 18, 2019, defendant AVDAA repossessed plaintiffs' vehicle by entering plaintiff's locked and gated parking garage, without permission. Accordingly, defendants breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Collateral Recovery Act, Bus. & Prof. Code § 7508.2(d).

4. In further violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, both AVDAA and Del Mar failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written inventory of personal property.

5. On or about December 3, 2019, defendant ACA issued plaintiff a written post-repossession notice ("NOI"), as required by Civil Code § 2983.2(a). The NOI was on a form template that ACA uses for all California borrowers whose

vehicles it repossesses. The form NOI is defective and violates the Rees-Levering Act, Civil Code § 2983.2(a), in the following ways:

(a) in violation of Civil Code § 2983.2(a)(3), it did not include the proper form for requesting an extension of the reinstatement and redemption periods, because the form was not limited to the extension request and spaces for plaintiff to sign and date the form, and failed to designate in the instructions the person or office, and address, to send the form;

(b) in violation of Civil Code § 2983.2(a)(5), it failed to state the name of the storage facility to whom vehicle storage fees had to be paid, instead disclosing only "Main Storage Lot";

(c) in violation of Civil Code § 2983.2(a)(2), it stated that plaintiff had to pay the storage facility "Storage at the maximum daily rate of $50.00 per day not to exceed $250.00," but did not state the actual daily storage rate, nor the date such storage charges began accruing, thereby making it impossible for plaintiff to calculate the storage charges without further inquiry;

(d) in violation of Civil Code § 2983.2(a)(2) and (a)(5), it stated that a monthly payment was coming due and had to be paid during the reinstatement period, but failed to state the date on which a late fee would accrue on that monthly payment, failed to state how the amount of the late fee would be calculated in case of a partial payment, and failed to designate the name and address of the person or office to whom the late fee and monthly payment had to be made;

(e) in violation of Civil Code § 2983.2(a)(4), it failed to disclose that plaintiff's vehicle would be returned to him at an auto auction, if he reinstated or redeemed after the vehicle had been transported to auction;

(f) in violation of Civil Code §§ 2983.2(a)(l) and (a)(2), it failed to disclose multiple repossession fees and charges payable by plaintiff to the auto auction upon redeeming or reinstating, if he reinstated or redeemed after the auction took possession of the vehicle. The possible fees and charges included storage fees,

transportation fees, reconditioning fees, an administrative sale fee, DMV printout fee, mechanical work charges, and/or a general administration fee;

(g) in violation of Civil Code § 2983.2(a)(5), it failed to disclose the name and payment address of the auto auction; and

(h) in violation of Civil Code § 2983.2(a)(5), it failed to designate the address of the person or office to whom the reinstatement or redemption payments should be made, instead stating only "Now due to ACA."

6. The legal result of ACA's violations of the Rrees-Levering Act is that it is prohibited from collecting any deficiency balance from plaintiff and all other similarly situated borrowers, pursuant to Civil Code § 2983.2(a). Plaintiff did not reinstate or redeem his vehicle, and ACA sold the vehicle. Notwithstanding its defective NOI and the absolute legal bar to any deficiency balance mandated by Civil Code § 2983.2(a), defendant ACA assessed plaintiff a deficiency balance of over $18,000. ACA also assessed other similarly situated California borrowers, to whom it issued defective NOI's, deficiency balances on their accounts.

7. The Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a), prohibits furnishing information on a specific transaction or experience to a consumer credit reporting agency if the furnisher knows or should know the information is incomplete or inaccurate. Defendant ACA has made, and continues to make, inaccurate credit reporting as to plaintiff and other similarly-situated California borrowers who were sent a defective NOI. Defendant ACA reported to one or more of the three credit reporting agencies, Trans Union, Experian, and Equifax, that plaintiff and other similarly situated borrowers owed deficiency balances on their accounts, when they did not. A deficiency balance is a seriously derogatory mark on a consumer's credit report.

8. Defendant ACA's violations of the Rees-Levering Act are not limited to plaintiff, but continue to affect thousands of ACA's other California borrowers. Defendant ACA regularly issues defective form NOI's, assesses unlawful

3

COMPLAINT

deficiency balances, and collects money on the non-existent deficiency balances, as to its California borrowers with vehicle repossessions. Defendant ACA also makes false and derogatory credit reporting of the unlawful deficiency balances as to these borrowers. Defendant ACA is thus currently harming thousands of California borrowers whose contracts are subject to the Rees-Levering Act, with unlawful collections efforts and false credit reporting.

9. Plaintiff therefore seeks a public injunction, as a private attorney general, restraining defendant ACA from, among other things:

(a) using its current form NOI template, or any template in violation of Civil Code § 2983.2(a);

(b) collecting or attempting to collect any deficiency balances from those California borrowers to whom it sent a non-compliant NOI; and

(c) making any derogatory credit reporting of deficiency balances as to plaintiff and other California borrowers to whom it sent a non-compliant NOI.

## JURISDICTION AND VENUE

10. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction here.

## PARTIES

12. Plaintiff Gino Kronfle is a natural person over the age of 18 years and is a resident of Los Angeles, California.

13. Defendant American Credit Acceptance, LLC is a South Carolina limited liability company doing business in Los Angeles, California.

14. Defendant Del Mar Recovery Solutions, GP is a general partnership headquartered in Carlsbad, California.

15. Defendant DMRS GP Sub, LLC is a California limited liability company headquartered in Carlsbad, California, and is a general partner of Del Mar Recovery Solutions, GP.

16. Defendant DMRS GP Sub II, LLC is a California limited liability company headquartered in Carlsbad, California, and is a general partner of Del Mar Recovery Solutions, GP.

17. Defendant All Valley Dealer Auto Auction, Inc. is a California corporation headquartered in North Hollywood, California.

**FIRST CAUSE OF ACTION**
**(Against All Defendants Except ACA for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

18. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

19. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

20. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

21. Defendants had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Commercial Code § 9609.

22. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

23. Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k. Defendants have frequently and

persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

24. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.)**.

25. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26. The Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Civ. Code § 1788.1(a)(2). The Legislature thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id., § 1788.1(b).

27. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" (i.e., money, property or their equivalent) alleged to be due and owing. Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt". The purported debt defendants attempted to collect from plaintiffs is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money, property or their equivalent which was alleged to be due and owing to ACA, by reason of a consumer credit transaction entered into with plaintiff.

28. Defendant ACA violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendant ACA committed a misdemeanor, as set forth at Civil Code § 2983.6, when it willfully failed to provide plaintiff with a proper statutory written notice under Civil Code § 2983.2(a).

29. The defendants other than ACA also violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. The misdemeanors committed by these defendants include: (1) Bus. & Prof. Code § 7502.1(a), by violating Bus. & Prof. Code §§ 7507.9 and 7501.10, and 7508.2(d); and (2) Penal Code §§ 602(k) and (n).

30. Civil Code § 1788.17 provides that entities subject to the Rosenthal Act must comply with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"). Section 1788.17 further provides that entities subject to the Rosenthal Act are subject to the remedies in § 1692k of the FDCPA.

31. Defendant ACA violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by making false or misleading representations to plaintiff that he owed a debt, and the amount and legal status of the alleged debt, by sending plaintiff a demand letter in which ACA stated that plaintiff owed a deficiency balance, when he did not.

32. The defendants other than ACA violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means in the collection of a debt.

33. As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

34. Plaintiff is entitled to recover actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

35. Defendants' violations of the Rosenthal Act were willful and knowing.

Plaintiff is entitled to recover statutory damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), or in the alternative, Civil Code § 1788.30(b).

36. Plaintiff is entitled to recover his attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant ACA for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

37. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

38. Defendant ACA violated and continues to violate Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should know have known the information was incomplete or inaccurate.

39. Defendant ACA is aware that plaintiff and all other similarly-situated borrowers owe no deficiency balance on their accounts, due to ACA's violations of the Rees-Levering Act. However, ACA has reported, and continues to report, charge-offs and deficiency balances to the credit reporting agencies as to plaintiff and the other affected borrowers.

40. Plaintiff and other similarly-situated borrowers have been aggrieved by defendants' violations described herein, and plaintiff therefore seeks a public injunction to put an end to said violations pursuant to Civil Code § 1785.31(b).

41. Plaintiff has suffered and is entitled to recover actual damages pursuant to Civil Code § 1785.31.

42. Plaintiff is entitled to recover statutory damages of up to $5,000 per violation, pursuant to Civil Code § 1785.31.

43. Plaintiff is entitled to an award of attorneys fees and costs pursuant to

Civil Code § 1785.31(f).

WHEREFORE, plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Against Defendant ACA for Violations of the Unfair Competition Law, Bus. & Prof. Code § 17200 et seq)**

44. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

45. Plaintiff files this cause of action as a private attorney general to seek a public injunction against defendant ACA, whose unlawful business practices are continuing to harm hundreds or thousands of people. Business and Professions Code §17200 et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief to affected individuals as a remedy for any violation of the UCL.

46. Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed, and continue to commit, acts of unfair competition proscribed by the UCL, including the practices alleged herein. The acts of unfair competition include the following:

(a) violating the provisions of Civil Code § 2983.2(a) with respect to defendant ACA's California borrowers whose vehicles have been repossessed, by issuing and continuing to issue NOI's that lack the disclosures mandated by that section;

(b) fraudulently misrepresenting, in letters and other debt collection communications, to California borrowers to whom defendants issued defective NOI's, that such borrowers are obligated to pay deficiency balances, when they are not;

(c) carrying and continuing to carry on defendants' accounts records the unlawful deficiency balances of California borrowers who were issued defective

9
COMPLAINT

NOI's, as amounts lawfully due and owing;

(d) reporting and continuing to report to credit reporting agencies, including Equifax, Experian, and Trans Union, that deficiency balances are lawfully due and owing by those California borrowers who were issued defective NOI's, when such balances never arose by operation of law;

(e) collecting and attempting to collect, whether through defendant ACA itself, third party collection agencies, or third party collection attorneys, amounts allegedly owed on deficiency balances, from California borrowers who were sent defective NOI's; and

(f) selling the accounts of California borrowers who were sent defective NOI's to third party collection agencies or debt buyers, for collection by those entities; and

47. The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Act, the Consumer Credit Reporting Agencies Act, and the Rosenthal Fair Debt Collection Practices Act (at Civil Code § 1788.17, incorporating by reference 15 U.S.C. §§ 1692e, 1692d, and 1692f).

48. The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

49. The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

50. The unlawful, unfair and fraudulent business acts and practices of

defendants described herein present a continuing threat to plaintiff, and to defendants' similarly-situated borrowers, in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until a public injunction is issued by this Court.

51. Pursuant to Business and Professions Code §17203, plaintiff seeks a public injunction restraining defendants from engaging in the above described acts and practices. Plaintiff has lost money or property as a result of defendants' unfair business practices.

52. Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1. For actual damages;
2. For statutory damages;
3. For public injunctive relief;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

11

COMPLAINT

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  November 9, 2020               Respectfully Submitted,

TRUEBLOOD LAW FIRM


By:   /s *Alexander B. Trueblood*
           Alexander B. Trueblood

Attorneys for Plaintiff
GINO KRONFLE

COMPLAINT